Filed 10/14/25  In re N.A.C. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re N.A.C., a Person Coming Under Juvenile Court Law. | B342063, B344817 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JOSHUA A., <br><br> Defendant and Appellant. | (Los Angeles County Super. Ct. No. 24CCJP02703) <br><br><br> ORDER GRANTING REQUEST FOR MODIFICATION OF THE OPINION (CHANGE IN JUDGMENT) |

The request for modification of opinion, filed October 8, 2025 by respondent Los Angeles Department of Children and Family Services, is hereby granted to the extent set forth herein.

The opinion filed on September 29, 2025 is modified as follows:

1.      On page 4, the entire paragraph beginning with "In a separate appeal still pending before this court (case No. B345746)" and ending with "We thus exercise our discretion to reach the merits of Father's appeal.  (See *D.P.*, *supra*, at p. 285.)" is deleted (including fn. 5) and replaced with the following sentence and citation:

We nevertheless exercise our discretion to reach the merits of Father's appeal.  (See *D.P.*, *supra*, at p. 285.)

2.      On page 6, the following paragraph is deleted from the Disposition:

Our resolution of the instant appeal has no effect on the remainder of the jurisdictional order—that is, to the extent the order sustains other jurisdictional allegations Father does not challenge, and asserts jurisdiction over N.A.C. on those bases. Those aspects of the order remain under review in Mother's appeal (case No. B345746).

_____

This modification constitutes a change in the judgment

_____
—

ROTHSCHILD, P. J.              BENDIX, J.              KIM, J.

Filed 9/29/25  In re N.A.C. CA2/1 (unmodified opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re N.A.C., a Person Coming Under Juvenile Court Law. | B342063, B344817 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>JOSHUA A.,<br><br>     Defendant and Appellant. | (Los Angeles County Super. Ct. No. 24CCJP02703) |

APPEALS from orders of the Superior Court of Los Angeles County, Craig S. Barnes, Judge.  Affirmed in part and reversed in part.

Richard L. Knight, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Courtney Fisher, Senior Deputy County Counsel, for Plaintiff and Respondent.

We resolve this appeal via memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1.

On November 7, 2024, the juvenile court sustained a Welfare and Institutions Code section 300[1] petition on behalf of then three-year-old N.A.C., the son of appellant J.A. (Father) and B.C.L. (mother), not a party to this appeal. The allegations in the petition describe Mother and maternal grandmother's "history of engaging in violent altercations in the child's presence," including on three specific instances in June, July, and August 2024, respectively. The petition further alleges that on additional "prior occasions, . . . [M]other and maternal grandmother [had] engaged in violent altercations, requiring law enforcement intervention. Such violent conduct on the part of . . . Mother and [F]ather, endangers the child's physical health and safety, creates a detrimental and endangering home environment, and places the child at risk of serious physical harm, damage, and danger."[2] The reference to "[s]uch violent conduct on the part of . . . [F]ather" implies the petition elsewhere alleges conduct involving Father. It does not; indeed, the court struck allegations under section 300, subdivision (c), regarding emotional harm to N.A.C. from witnessing domestic violence between Mother and Father. The only violent conduct

***

[1] All further statutory references are to the Welfare and Institutions Code.

[2] These are all allegations supporting the section 300, subdivision (b) jurisdictional count. The allegations supporting the only other count in the petition—under section 300, subdivision (a)—are identical, except for the final sentence referencing Father's "violent conduct." The court struck that sentence from the subdivision (a) count.

alleged in the petition is between Mother and maternal grandmother.

On appeal, Father challenges the jurisdictional order to the extent it is based on the lone allegation regarding "violent conduct"[3] by Father, arguing the petition identifies no such conduct, and that substantial evidence does not support jurisdiction based on *his* conduct.[4]  Respondent Los Angeles Department of Children and Family Services (DCFS) counters that (1) Father has forfeited this argument by failing to raise it below, and (2) Father's appeal is moot, because reversing the portion of the order he requests would not affect the court's jurisdiction over N.A.C., so his appeal cannot provide him effective relief.  (See *In re D.P.* (2023) 14 Cal.5th 266, 277 (*D.P.*) [to avoid mootness, appellant must have "suffered from a change in legal status . . . that is capable of being redressed by a favorable . . . decision" in this appeal].)

As to forfeiture, "[s]ubstantial evidence challenges are not forfeited by failure to raise them in the juvenile court[,] [citations] . . . [and] [a] 'parent is not required to object to the agency's failure to carry its burden of proof.'  [Citation omitted.]" (*In re Jayden A.* (2025) 111 Cal.App.5th 1334, 1346.)

---

[3] Father appealed from both the jurisdictional order and the dispositional order in two appeals we consolidated at his request.  The only arguments Father raises, however, challenge the jurisdictional order, specifically the portions thereof sustaining the petition's allegations regarding him.

[4] Father also argues the allegation regarding his conduct is so vague as to have denied him due process.  Because we agree with Father regarding the insufficiency of the evidence, we do not reach his due process challenge.

As to mootness, DCFS correctly notes that the sustained jurisdictional allegations involving Mother, which Father does not challenge, provide an independently sufficient basis for affirming the jurisdictional order. (See *D.P., supra,* 14 Cal.5th at p. 283 [ " ' "[a]s long as there is one unassailable jurisdictional finding, it is immaterial that another might be inappropriate" ' [citation] . . . [so] where jurisdictional findings have been made as to both parents but only one parent brings a challenge, the appeal may be rendered moot"].) Therefore, striking the jurisdictional allegations regarding Father as he requests will not, at this point, have any practical or legal consequence, and his appeal is currently moot. (See *D.P., supra*, 14 Cal.5th at p. 277.)

In a separate appeal still pending before this court (case No. B345746), however, Mother challenges the additional bases for jurisdiction that Father does not. Thus, "the challenged jurisdictional finding [in Father's appeal] ' . . . could potentially impact the current . . . dependency proceedings,' " depending on the outcome of Mother's appeal. (*D.P., supra*, 14 Cal.5th at p. 285 [identifying such circumstances as a basis for discretionary review of a moot appeal].) Namely, if Mother's appeal—which has yet to be briefed—results in the jurisdictional findings regarding her being reversed,[5] then whether the juvenile court properly asserted jurisdiction over N.A.C. will depend on whether we reverse, affirm, or implicitly affirm (via dismissal for mootness) the jurisdictional finding Father challenges. We thus exercise our discretion to reach the merits of Father's appeal. (See *D.P., supra*, at p. 285.)

---

[5] We express no opinion on the merits of Mother's appeal. We further note that neither Mother nor Father have requested that we consolidate their appeals.

On the merits, DCFS agrees with Father, as do we, that the jurisdictional allegation involving him cannot stand. As noted, there is a single reference to Father in the jurisdictional allegations: "Such violent conduct on the part of . . . [M]other *and [F]ather*, endangers the child's physical health and safety, creates a detrimental and endangering home environment, and places the child at risk of serious physical harm, damage, and danger."[6] (Italics added.) No evidence suggests that Father was involved in the violent conduct between Mother and the maternal grandmother, the only violent conduct the petition identifies. DCFS reported that this violence "re-traumatiz[ed] [N.A.C.] due to his [post-traumatic stress disorder] diagnosis that originally stemmed from domestic violence between [M]other and [F]ather" in the past. (Boldface omitted.) But that Father's past conduct increased the harm N.A.C. suffered by witnessing violence between Mother and maternal grandmother a year later—violence in which Father played no part—does not support that his past conduct creates a current risk of harm.

Thus, substantial evidence does not support the reference to Father as a participant in the violent conduct the petition describes. The court erred in finding jurisdiction over N.A.C. based on the section 300, subdivision (b) jurisdictional allegation in the petition to the extent it references Father.

---

[6] These are all allegations supporting the section 300, subdivision (b) jurisdictional count. The allegations supporting the only other count in the petition—under section 300, subdivision (a)—are identical, except that the final sentence in the section 300, subdivision (b) count (regarding Mother and Father's "violent conduct") does not appear in the subdivision (a) count, because the court struck it from the latter.

## DISPOSITION

The jurisdictional order is reversed to the extent it sustains the allegation regarding Father's conduct as a basis for jurisdiction over N.A.C.

Our resolution of the instant appeal has no effect on the remainder of the jurisdictional order—that is, to the extent the order sustains other jurisdictional allegations Father does not challenge, and asserts jurisdiction over N.A.C. on those bases. Those aspects of the order remain under review in Mother's appeal, (case No. B345746).

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:



BENDIX, J.



M. KIM, J.

6